**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| CHRISTOPHER COOK, | Case No. 2:22-cv-00535-GMN-VCF |
| Plaintiff, | **ORDER** |
| vs. | APPLICATION TO PROCEED IN FORMA PAUPERIS (EFC NO. 2) AND COMPLAINT (ECF NO. 2-1) |
| LAS VEGAS METRO POLICE DEPARTMENT MAJOR VIOLATORS, | |
| Defendant. | |

I previously denied incarcerated pro se plaintiff Christopher Cook application to proceed in forma pauperis (IFP) because he did not file a financial certificate as required by the Prison Litigation Reform Act ("PLRA"). ECF No. 5. Plaintiff has now filed that certificate. ECF No. 6. I grant plaintiff's application to proceed in forma pauperis. ECF No. 2. I dismiss his complaint without prejudice. ECF No. 2-1.

**DISCUSSION**

Plaintiff's filings present two questions: (1) whether plaintiff may proceed in forma pauperis under 28 U.S.C. § 1915(e) and (2) whether plaintiff's complaint states a plausible claim for relief.

**I.   Whether Plaintiff May Proceed In Forma Pauperis**

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." If the plaintiff is a "prisoner" as defined by 28 U.S.C. §

1915(h), as amended by the Prison Litigation Reform Act ("PLRA"), he remains obligated to pay the entire fee in installments, regardless of whether his action is ultimately dismissed. See 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Under the PLRA, a prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. See 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. See 28 U.S.C. § 1915(b)(2).

Plaintiff is currently incarcerated. ECF No. 2.  Plaintiff submitted a declaration and a certified copy of the trust fund account statement (or institutional equivalent), which is signed by the appropriate official, for the 6-month period immediately preceding the filing of his complaint. ECF No. 6. The financial certificate states that plaintiff's initial filing fee will be $2.72. *Id*. He swears he has no income other than the money currently in his prison account. I grant plaintiff's IFP application.

**II.     Whether Plaintiff's Complaint States a Plausible Claim**

**a.  Legal Standard**

Since I grant plaintiff's IFP application, I must review plaintiff's complaint to determine whether the complaint is frivolous, malicious, or fails to state a plausible claim.  28 U.S.C. § 1915(e)(2)(B). Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain

2

statement of the claim showing that the [plaintiff] is entitled to relief." Rule 8 ensures that each defendant has "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346, 125 S. Ct. 1627, 161 L. Ed. 2d 577 (2005). The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirements, a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547, (2007)). Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. A complaint should be dismissed under Rule 12(b)(6), "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of her claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). If the Court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

   **b. Complaint**

Plaintiff alleges in his complaint that on January 19, 2022, he was leaving the Tropicana Hotel and Casino when suddenly, and without warning, he was tackled and cuffed by law enforcement for no reason and "without cause." ECF No. 2-1. He alleges that he sustained injuries to his elbows, lower back, and left knee when the officers tackled him. He brings claims against the five unknown "major

3

violators detectives" at the Las Vegas Metro Police Department[1] for violating his right to equal protection of the law pursuant to the Fourteenth Amendment because the officers used excessive force. *Id.* at 3.

### c. The Younger Doctrine

The United States Supreme Court has found that absent extraordinary circumstances, federal courts must not interfere with pending state criminal prosecutions, even if the civil litigant alleges violations of his constitutional rights. *Younger v. Harris*, 401 U.S. 37, 43 (1971). Pursuant to the Younger abstention doctrine federal courts may not stay or enjoin pending state criminal court proceedings, nor grant monetary damages for constitutional violations arising from them. *Mann v. Jett*, 781 F.2d 1448, 1449 (9th Cir. 1986). "*Younger* principles apply to a claim for damages based on constitutional challenges which can be asserted in pending state proceedings that implicate important state interests, and that the correct disposition is to defer – not to dismiss – when damages are at issue." *Gilbertson v. Albright*, 381 F.3d 965, 982 (9th Cir. 2004). Once the state proceeding has run its course, the Court can decide whether the damages action should proceed. "If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, [*Heck v. Humphrey*, 512 U.S. 477, (1994)] will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit." *Wallace*, 549 U.S. at 394.

Plaintiff is currently incarcerated, but it is not clear from his complaint whether any criminal charges related to the arrest he describes are pending against him. Plaintiff seeks monetary damages related to what he says happened during his arrest. I dismiss plaintiff's complaint without prejudice with

---

[1] I construe plaintiff's listing of the individual defendants here liberally since he lists "unknown" and "major violators detectives at [the] LVMPD" five times, seemingly to indicate that he is pursing the doe officers, rather than the LVMPD itself, in his complaint. See ECF No. 2-1. Plaintiff should clarify this pursuant to Rule 8 if he amends.

leave to refile. If he amends, he must show whether the criminal charges related to his arrest have been resolved or are still pending.

### d.    Plaintiff's Fourteenth Amendment Excessive Force Claim

A claim of excessive force during an arrest is analyzed under the Fourth Amendment's objective reasonableness standard. *Berry v. Reno Police Dep't*, No. 3:18-cv-00558-MMD-WGC, 2021 U.S. Dist. LEXIS 132768, at 6 (D. Nev. July 15, 2021), citing to *Graham v. Connor*, 490 U.S. 386, 388, 109 S. Ct. 1865, 1868 (1989). To determine whether the use of force by a law enforcement officer was excessive, a court must assess whether it was objectively reasonable "in light of the facts and circumstances confronting [the officer], without regard to their underlying intent or motivation." *Id*. at 397. "Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion of the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Id*. at 396 (internal quotation marks omitted). The Court must consider: (1) the severity of the crime at issue; (2) whether the plaintiff posed an immediate threat to the safety of the officers or others; and (3) whether the plaintiff actively resisted arrest. *Id*.; see also *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 921 (9th Cir. 2001). While these factors act as guidelines, "there are no per se rules in the Fourth Amendment excessive force context." *Mattos v. Agarano*, 661 F.3d 433, 441 (9th Cir. 2011) (en banc).

While plaintiff's allegations, taken as true, sound severe, plaintiff has failed to draft a complaint that gives each defendant fair notice of plaintiff's claims and the grounds upon which they rest per Rule 8. For example, plaintiff lists five individual unknown defendant detectives, but he does not specify, to the best of his ability, what each defendant did. Plaintiff must do his best to specify what each of the five officers did so that each defendant has sufficient notice of the allegations. I dismiss his Fourteenth Amendment Claim. Plaintiff fails to articulate claims against defendants in this action.  It is possible that

these deficiencies may be cured through amendment. Plaintiff's complaint is dismissed without prejudice.

ACCORDINGLY,

I ORDER that plaintiff Cook's application to proceed in forma pauperis (ECF No. 2) is GRANTED. Plaintiff has until Monday, July 11, 2022 to send the initial partial filing fee in the amount of $2.72 toward the full $350 filing to the Clerk of the Court. Plaintiff must attach a copy of this Order to the check in the amount of the initial partial filing fee. Failure to timely pay the initial partial filing fee may result in a recommendation for dismissal with prejudice.

I FURTHER ORDER that plaintiff's complaint (ECF No. 2-1) is DISMISSED WITHOUT PREJUDICE.

I FURTHER ORDER that plaintiff has until Monday, July 11, 2022, to file an amended complaint addressing the issues discussed above.  Failure to timely file an amended complaint that addresses the deficiencies noted in this Order may result in a recommendation for dismissal with prejudice.

I FURTHER ORDER that if plaintiff files an amended complaint, the Clerk of the Court is directed NOT to issue summons on the amended complaint.  I will issue a screening order on the amended complaint and address the issuance of summons at that time, if applicable.  See 28 U.S.C. § 1915(e)(2).

I FURTHER ORDER that the Clerk of the Court must send a copy of this Order to the Finance Division of the Clerk's Office and to the CCDC Accounting Supervisor, 330 S. Casino Center Blvd., Las Vegas, NV 89101.

I FURTHER ORDER that pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act, beginning one month following plaintiff's payment of the initial partial filing fee, the Clark

County Detention Center ("CCDC") must forward payments from the account of **Christopher Cook #7064353** to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. If this action is dismissed, the full filing fee must still be paid pursuant to 28 U.S.C. § 1915(b)(2).

I FURTHER ORDER that if the plaintiff is transferred into the custody of the Nevada Department of Corrections, the CCDC Accounting Supervisor is directed to send a copy of this Order to Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702, and indicate the amount that plaintiff has paid towards his filing fee so that funds may continue to be deducted from his account.

## **NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon

the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**

IT IS SO ORDERED.

DATED this 10th day of June 2022.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE